IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

UNITED STATES OF AMERICA    )    CRIMINAL NO.: 4:15-CR-00153-RBH
    )
v.    )
    )
RONALD EDWARD DICKERSON    )

PRELIMINARY ORDER OF FORFEITURE AS TO
RONALD EDWARD DICKERSON

This matter is before the court on the motion of the United States for a Preliminary Order of Forfeiture as to Defendant Ronald Edward Dickerson ("Dickerson," "Defendant"), based upon the following:

1.    On March 24, 2015, a one count Indictment was filed charging Dickerson with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

2.    Pursuant to Fed. R. Crim. P. 32.2(a), the Indictment contained a forfeiture allegation providing that upon Dickerson's conviction, certain properties enumerated therein, or equivalent substitute assets, would be subject to forfeiture to the United States.  As specified therein, such assets include, but are not limited to the following:

A.    Firearms and Ammunition:

1.    Colt New Agent Series 90, .45 Caliber Pistol
Serial No. GT06375
Asset # 14-ATF-024698

2.    Seven Rounds of Federal .45 Caliber Ammunition
Asset # 14-ATF-024700

3.      On October 23, 2015, Dickerson  pled guilty to Count 1 of the Indictment, which charges being a felon in possession of a firearm, in violation of 18 U.S.C.§ 922(g)(1).

4.      Based upon Defendant's conviction, the court has determined that the property described above is subject to forfeiture, pursuant to 18 U.S.C. § 924(d) (1) and 28 U.S.C. § 2461(c).

5.      The court has determined that the government has established the requisite nexus between the said property subject to forfeiture and the offense for which Dickerson  has been convicted; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

Accordingly, it is hereby **ORDERED,**

1.      The following property is hereby forfeited to the United States of America, along with all right, title, and interest of the Defendant, Ronald Edward Dickerson, in and to such property:

A.              <u>Firearms and Ammunition:</u>

1.      Colt New Agent Series 90, .45 Caliber Pistol
Serial No. GT06375
Asset # 14-ATF-024698

2.      Seven Rounds of Federal .45 Caliber Ammunition
Asset # 14-ATF-024700

2.      Upon entry of the criminal judgment, this order becomes final as to Dickerson, and shall be made a part of his sentence and included in the criminal judgment.

3.      The United States shall publish notice of this Order and its intent to dispose of the property in such manner as the Attorney General may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the said property.

4.      Upon entry of this Order, the Bureau of Alcohol Tobacco and Firearms or their designee is authorized to seize the above-described forfeited property as directed by the United States Attorney's Office and to commence proceedings that comply with statutes governing third party rights.

5.      Any person, other than the named Defendant, asserting a legal interest in the subject property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the subject property and for an amendment of the order of forfeiture, pursuant to 21 U.S.C. § 853(n)(6) and Fed. R. Crim. P. 32.2(c).

6.      Any petition filed by a third party asserting an interest in the above-described property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the subject property, the time and circumstances of the petitioner's acquisition of the right, title or interest in such property, and additional facts supporting the petitioner's claim and the relief sought.

7.      After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such

discovery is necessary or desirable to resolve factual issues.

8.    The United States shall have clear title to the property following the court's determination of all third party interests, or, if no petitions are filed, following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of third party petitions.

9.    The court shall retain jurisdiction to resolve disputes which may arise and to enforce and amend this Order as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

10.    The Clerk, U.S. District Court, shall provide one (1) certified copy of this Order to the United States Attorney's Office.

AND IT IS SO ORDERED.

December 7, 2015                                    s/ R. Bryan Harwell
Florence, South Carolina                       R. Bryan Harwell
                                                             United States District Judge